UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

GARY DEWAYNE WEBER                                                                   PLAINTIFF

v.                                                CIVIL ACTION NO. 3:20-CV-00479-CRS

LOUISVLLE METRO POLICE DEPT. *et al.*                           DEFENDANTS

**MEMORANDUM**

        Plaintiff Gary DeWayne Weber initiated this *pro se* civil-rights action. On July 17, 2020, the Court entered an Order directing Plaintiff to pay the $400.00 filing fee for this action within 30 days. The Order warned Plaintiff that failure to comply within the time allowed would result in dismissal of the action. More than 30 days have passed, and Plaintiff has failed to comply with the Court's Order.

        Upon filing the instant action, Plaintiff assumed the responsibility to actively litigate his claims. Federal Rule of Civil Procedure 41(b) permits the Court to dismiss the action "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order." Although federal courts afford *pro se* litigants some leniency on matters that require legal sophistication, such as formal pleading rules, the same policy does not support leniency from court deadlines and other procedures readily understood by laypersons, particularly where there is a pattern of delay or failure to pursue a case. *See Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991). "[T]he lenient treatment of pro se litigants has limits. Where, for example, a pro se litigant fails to comply with an easily understood court-imposed deadline, there is no basis for treating that party more generously than a represented litigant." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996) (citing *Jourdan*, 951 F.2d at 110). Courts have an inherent power "acting on their own initiative,

to clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962).

Upon review, the Court finds that Plaintiff's failure to comply with a straightforward order, despite being warned that dismissal would occur without compliance, shows that Plaintiff has abandoned any interest in prosecuting this action. Therefore, this action will be dismissed by separate Order.

Date: August 25, 2020

**Charles R. Simpson III, Senior Judge**
**United States District Court**

cc:  Plaintiff, *pro se*
4411.011